IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 25 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:06-CR-029-C(02) |
| WILLIAM BRADY (2) | § § | |

## PLEA AGREEMENT

William Brady, Patrick S. Metze, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Brady understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Brady waives these rights and pleads guilty to the offense alleged in count one of the indictment, charging a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), that is, Conspiracy to Distribute and Possess With Intent to Distribute 500 Grams or More of Methamphetamine. Brady

**Brady Plea Agreement - Page 1**

understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period of not less than 10 years and not more than life. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of a person convicted of this offense and no person convicted of this offense shall be eligible for parole during the term of imprisonment imposed;

   b. a fine not to exceed $4,000,000;

   c. a term of supervised release of at least 5 years, which follows a term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Brady understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Brady has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Brady will not be allowed to withdraw his plea if his sentence is higher than expected. All parties agree and stipulate that Brady is responsible for at

least 500 grams, but less than 1.5 kilograms, of a mixture and substance containing a detectable amount of methamphetamine under section 2D1.1 of the United States Sentencing Guidelines. Provided that Brady meets all the requirements set forth in section 3E1.1, makes full and complete disclosure to the probation office and does nothing (and has done nothing since his arrest) to obstruct justice, the government will not oppose a three-level decrease for acceptance of responsibility. Brady understands that the above-referenced stipulations and/or agreements are not binding upon the Court or upon the probation office and he will not be allowed to withdraw his plea of guilty should these stipulations and/or agreements not be followed by the Court.

Brady fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Brady agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Upon demand, Brady shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Brady based upon the conduct underlying and related to Brady's plea of guilty. The government agrees to forego filing a notice of enhancement under 21 U.S.C.

§ 851 based on Brady's prior felony conviction for Possession of a Controlled Substance of One Gram or More, but Less than Four Grams, namely: Methamphetamine, imposed on October 6, 2005, by the Criminal District Court Number Two in Tarrant County, Texas. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Brady or any property.

8. **Violation of agreement**: Brady understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Brady for all offenses of which it has knowledge. In such event, Brady waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Brady also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose. Brady understands and acknowledges that if he is not a citizen of this country, this plea of guilty will have an adverse impact on his immigration status in this country.

10. **Waiver of right to appeal or otherwise challenge sentence**: Brady waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Brady, however, reserves the right: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the advisory guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) any claims of ineffective assistance of counsel.

11. **Representation of counsel**: Brady has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Brady has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Brady has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 25th day of January, 2007.

RICHARD B. ROPER
UNITED STATES ATTORNEY

*William Brady*
William Brady
Defendant

*Jeffrey R. Haag*
JEFFREY R. HAAG
Assistant United States Attorney
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7559
Facsimile: 806.472.7394
E-mail: jeffrey.haag@usdoj.gov

*Patrick S. Metze*
Patrick S. Metze
Attorney for Defendant

*Roger L. McRoberts*
ROGER L. MCROBERTS
Deputy Criminal Chief

Brady Plea Agreement - Page 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    1-24-07
William Brady                                    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    1·24·7
Patrick S. Metze                                  Date
Attorney for Defendant